UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEATHA DIANELLA JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **No. 25-692** |
| **GLEN HERBERT, ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court are two motions[1] to dismiss plaintiff Leatha Dianella Jackson's ("plaintiff") *pro se* complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, for a more definite statement pursuant to Rule 12(e). The first motion has been submitted by defendant Jennifer Kleyle ("Kleyle"), and the second motion has been submitted by defendants Glen Herbert ("Herbert"), Jeanne Jourdan[2] ("Jourdan"), and John Oliver ("Oliver") (collectively, "defendants"). Plaintiff filed a separate motion,[3] requesting to "proceed . . . without dismissal," which appears to the Court to be an opposition to defendants' motions and the Court will construe it as the same. For the following reasons, the Court grants defendants' motions.

---

[1] R. Doc. No. 7; R. Doc. No. 9.
[2] Plaintiff's complaint identifies defendant Jourdan as "Jeanne Jordan" and defendant Herbert as "Glen Hebert." R. Doc. No. 1 § I.B. However, in defendant's motion to dismiss, defense counsel points out that the correct spellings of defendants' names are "Jeanne Jourdan" and "Glen Herbert." R. Doc. No. 7, at 1. This Court assumes that defense counsel is in a better position to know the correct spelling of defendants' names and, accordingly, the Court will refer to defendants as "Jourdan" rather than "Jordan" and "Herbert" rather than "Hebert."
[3] R. Doc. No. 8.

## I. BACKGROUND

This case arises out of a dispute involving a car allegedly stolen three times in three weeks. According to plaintiff's complaint, her car was stolen on April 1, 2025, and then again on April 5, 2025.[4] After these thefts, plaintiff's car was damaged and she took it to a car dealership in Kenner for repairs.[5] After plaintiff brought her car to the dealership, someone stole the car for a third time and the car was eventually impounded at a tow lot in Chalmette, Louisiana.[6]

Plaintiff alleges that the third theft occurred because defendant(s) either failed to adequately maintain the security of her car while it was on the lot, or were involved in the theft themselves.[7] Plaintiff further alleges that she was never notified that her car was stolen from the dealership, and that when St. John Parish deputies found the car, the dealership proceeded to overcharge her for repairs to it.[8]

## II. STANDARDS OF LAW

Subject matter jurisdiction is a non-waivable requirement that delineates the power of federal courts. *McDonal v. Abbott Lab'ys*, 408 F.3d 177, 182 (5th Cir. 2005) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Pursuant to Federal Rule of Civil Procedure 12(b)(1), "a claim is 'properly dismissed for lack of

---

[4] R. Doc. No. 1 § III.
[5] *Id.*
[6] *Id.*
[7] *Id.* Defendant Kleyle owns the towing company that impounded the car. *Id.* Defendant Hebert is the service manager at the car dealership where plaintiff brought her car for repairs. *Id.* § I.B. Defendant Jordan is a service advisor at the dealership, and defendant Oliver is the general manager of the dealership. *Id.*
[8] *Id.*

subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Courts are to consider a Rule 12(b)(1) jurisdictional argument before addressing any arguments on the merits. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Id.* When ruling on a Rule 12(b)(1) motion, a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010) (quoting *St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)).

The materials the Court will consider depends on whether the motion to dismiss raises a "facial" or "factual" attack. *Chaisson v. United States*, No. 23-10551, 2024 WL 81581, at *2 (5th Cir. 2024). A motion to dismiss raises a facial attack if defendant's motion attacks the ability of the complaint itself to establish subject matter jurisdiction. *Id.* A facial attack focuses solely on the allegations in the complaint, which are presumed to be true, and if the allegations are sufficient to establish jurisdiction, the motion to dismiss must be denied. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In the case of a facial attack, "a motion to dismiss

3

for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of [her] claim that would entitle plaintiff to relief." *Ramming*, 281 F.3d at 161.

The motion raises a factual attack if "the defendant submits affidavits, testimony, or other evidentiary materials." *Id.* (quoting *Paterson*, 644 F.2d at 523). If the defendant raises a factual attack on subject matter jurisdiction, the plaintiff has the burden to "prove the existence of subject matter jurisdiction by a preponderance of the evidence." *Id.* (quoting *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015)).

Subject matter jurisdiction can be established either through diversity jurisdiction or federal question jurisdiction. *See Dos Santos v. Belmere Ltd. Partnership*, 516 F. App'x 401, 402–03 (5th Cir. 2013). Federal courts have subject matter jurisdiction based on diversity when "the matter in controversy exceeds the sum or value of $75,000 [exclusive of interest and costs] and is between: (1) citizens of different States; or (2) citizens of a State and citizens of a foreign [S]tate." *Id.* "A party must allege 'complete diversity,' which means that 'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)).

Courts can assert federal question jurisdiction when the plaintiff's claim "arises under the Constitution, laws, or treaties of the United States." *Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007); 28 U.S.C. § 1331 ("The district

courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). When the plaintiff sets forth only state-law claims in her complaint, "[t]he *Grable*[9] doctrine provides that, even when a state court petition pleads only state law causes of action, federal jurisdiction nonetheless exists 'if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Box v. PetroTel, Inc.*, 33 F.4th 195, 201 (5th Cir. 2022) (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). The *Grable* doctrine only creates federal jurisdiction in a "slim category of cases." *Id.*

If a court determines that it does not have subject matter jurisdiction over an action, the action is dismissed without prejudice. *See, e.g., Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). In the case of a *pro se* plaintiff, courts "hold *pro se* plaintiffs to a more lenient standard than lawyers when analyzing complaints." *Chhim v. Univ. of Tex. At Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

### III.  ANALYSIS

Plaintiff's complaint asserts that federal subject-matter jurisdiction is present because of federal question jurisdiction.[10] However, because plaintiff's complaint also references diversity jurisdiction,[11] this Court will evaluate the presence of subject

---

[9] *Grable & Sons Metal Prods., Inc, v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).
[10] R. Doc. No. 1 § II.
[11] *See id.* Plaintiff, when asked to indicate in her complaint whether the Court has federal question or diversity jurisdiction, checked the box that indicates federal question jurisdiction. *Id.* However, when asked to indicate the federal law(s) giving rise to her claim, plaintiff left the section blank. *Id.* § II.A. Instead, plaintiff filled out that section of the *pro se* complaint form asking for the citizenship of the defendant(s)

5

matter jurisdiction through both bases for jurisdiction. Defendants' motion attacks the ability of plaintiff's complaint to establish subject matter jurisdiction, and is therefore classified as a facial attack.[12] Accordingly, the Court will limit the scope of its inquiry to plaintiff's complaint.

First, the Court turns to diversity jurisdiction. Plaintiff does not explicitly state the amount in controversy in her complaint.[13] However, even if the amount in controversy, exclusive of interest and costs, exceeds $75,000, plaintiff must still meet the second requirement of diversity jurisdiction—that the suit is between either (1) citizens of different states, or (2) between citizens of a State and citizens of a foreign State. *Dos Santos*, 516 F. App'x, at 402–03. Plaintiff's complaint fails in this regard.

Plaintiff, when asked in the *pro se* complaint form to identify the citizenship of each defendant, only identified Kleyle, and stated that both Kleyle and plaintiff were

---

and the plaintiff claiming diversity of citizenship, but she only named one defendant, Kleyle, and listed her as a Louisiana citizen. *Id.* § II.B. Additionally, on the cover sheet attached to her complaint, plaintiff indicated that a federal question, not diversity, provided the basis for jurisdiction. R. Doc. No. 1-5 § II. However, plaintiff again failed to identify a federal law giving rise to her claim, instead indicating that the claim was based on product liability. *Id.* Because the complaint is unclear whether it seeks to establish federal question or diversity jurisdiction, and the Court must liberally construe a *pro se* plaintiff's complaint, the Court will address both federal question and diversity jurisdiction.

[12] *See* R. Doc. No. 7; R. Doc. No. 9.

[13] Plaintiff's complaint states, under that section of the *pro se* complaint form that asks plaintiffs to indicate the amount in controversy, that "the settlement amount is $60,000 for cause of damage without a car, [f]iling a claim for damage car with insurance company, [e]motional stress and other damage that cause[d] me to not be able to go to [a]pp[ointmen]t for [a] medical issue." Because plaintiff refers to the $60,000 as a "settlement amount," this Court cannot, when liberally construing plaintiff's complaint, state with certainty that the amount in controversy is only $60,000.

citizens of Louisiana.[14] Elsewhere in the form, plaintiff lists addresses for defendants Herbert, Jourdan, and Oliver, however, the address listed for each is that of the car dealership from which plaintiff alleges her car was stolen.[15] Because of this, the Court cannot identify the citizenship of Herbert, Jourdan, and Oliver. However, plaintiff's identification of Kleyle as a Louisiana citizen is sufficient to preclude the Court from exercising diversity jurisdiction in this case because, even when liberally construing plaintiff's *pro se* complaint, a suit between a plaintiff and defendant who are citizens of the same state cannot support the exercise of diversity jurisdiction as complete diversity does not exist. *See, e.g.*, *Smith*, 978 F.3d, at 282.

Next, the Court turns to federal question jurisdiction. Plaintiff's complaint does not reference any specific federal statute or constitutional claim that creates a cause of action.[16] Considering plaintiff's complaint, her claim appears to be based either on state tort law—specifically, negligence or conversion—or a breach of contract claim. Both tort claims and breach of contract claims arise under state, not federal, law, and are not a basis for federal question jurisdiction. *See, e.g.*, *Hao Liu v. Plano Med. Ctr.*, 328 F. App'x 904, 905 (5th Cir. 2009) (holding that the district court was right to dismiss plaintiff's negligence claim for lack of subject matter jurisdiction when that claim did not fall within the scope of a federal statute); *Ibarra v. Duncan*, 193 F.3d 520 (5th Cir. 1999) (holding that plaintiff's negligence and breach-of-contract claims did not establish federal question jurisdiction). Additionally,

---

[14] R. Doc. No. 1 § II.B.
[15] *Id.*
[16] *See id.*

plaintiff's claim does not raise a federal issue, let alone a "substantial" or "disputed" one, as the *Grable* doctrine requires when plaintiff's complaint asserts only state law claims. *See* 545 U.S. 308; *Hao Liu*, 328 F. App'x, at 905; *Ibarra*, 193 F.3d. Because plaintiff does not state a claim "arising under" federal law, even construing plaintiff's *pro se* complaint liberally, this Court cannot conclude that it has federal question jurisdiction in this case.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motions[17] to dismiss for lack of subject matter jurisdiction are **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's alternative motions[18] for a more definite statement pursuant to Rule 12(e) are **DISMISSED AS MOOT**.

New Orleans, Louisiana, September 25, 2025.

                                                **LANCE M. AFRICK**
                                    **UNITED STATES DISTRICT JUDGE**

---

[17] R. Doc. No. 7; R. Doc. No. 9.
[18] R. Doc. No. 7; R. Doc. No. 9.